IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **JAMES HANDWORK**<br>Lake Erie Correctional Institution<br>P.O. Box 8000<br>Conneaut, Ohio, 44030<br><br>    Plaintiff,<br><br>**v.**<br><br>**THE OHIO DEPARTMENT OF**<br>**REHABILITATION AND CORRECTION**<br>777 West Broad St.<br>Columbus, OH 43222;<br><br>and<br><br>**GARY C. MOHR**<br>In his official capacity as Director of<br>Ohio Department of Rehabilitation and<br>Correction<br>777 West Broad St.<br>Columbus, OH 43222,<br><br><br>    Defendants. | **COMPLAINT**<br><br>Case No. |

**I. INTRODUCTORY STATEMENT**

  1. This is a complaint by James Handwork, a hearing-disabled man incarcerated in the Lake Erie Correctional Institution (the "Prison"). The Prison is controlled by defendants, the Ohio Department of Rehabilitation and Correction (ODRC) and ODRC's director Gary Mohr. The gravamen of Mr. Handwork's complaint is that the defendants refuse to meet his diagnosed medical need for two functional hearing aids, in violation of the Americans with Disabilities Act, Section 504 of the Rehabilitation Act of 1973, and the Eighth Amendment to the United States

Constitution. Defendants maintain a statewide policy of providing prisoners only one working hearing aid, even for prisoners who have a medical need for two.

## II. JURISDICTION AND VENUE

2. Plaintiff brings his claims pursuant to 42 U.S.C. §1983. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

3. Venue is proper under 28 U.S.C. § 1391(b) because the events giving rise to this action are occurring in this judicial district, at the Lake Erie Correctional Institution.

## III. PLAINTIFF

4. James Handwork is a prisoner serving a 15-years-to-life sentence at the Prison. Mr. Handwork has been hard of hearing since he served as a paratrooper in the U.S. Army in the mid-1980's, during which his long exposure to loud airplane engines caused permanent damage to his hearing. When his mother suffered a heart attack, he was discharged from military service. At that time, he was prescribed hearing aids in both ears and has worn them continuously since approximately 1986 except when he removed them to sleep, when necessary to avoid loud ambient noise, or when they were malfunctioning.

## IV. DEFENDANTS

5. Defendant ODRC is the state agency that controls all Ohio state prisons, including the Prison where Mr. Handwork is incarcerated. ODRC sets the policies and protocols that govern the Prison's health services.

6. Defendant Gary Mohr is the Director of ODRC and is responsible for its practices and policies. At all times relevant to this complaint, Defendant Mohr was acting under color of law as an agent of ODRC. Defendant Mohr is sued in his official capacity and as a representative of ODRC.

## V. DEFENDANTS' DENIAL OF MEDICAL CARE TO JAMES HANDWORK

7. As stated above, Mr. Handwork wore prescribed hearing aids in both ears since approximately 1986. That first set of hearing aids was lost when he was arrested in August of 2002.

After he was convicted and incarcerated in Trumbull State Prison (Trumbull), the audiologist retained by Trumbull assessed him and provided him two new hearing aids in the summer of 2003.

8. As a result of his good behavior, in 2008, Mr. Handwork was transferred to where he is presently housed, the Lake Erie Correctional Institution (the Prison). The Prison is a lower security institution where his hearing aids (the same pair dispensed to him by Trumbull in 2003) have received periodic maintenance and cleaning. In late 2015, Mr. Handwork began to have trouble hearing from both hearing aids. At that time, an audiologist retained by the Prison determined that both of Mr. Handwork's hearing aids had become worn out, obsolete, and too outmoded to be susceptible of further maintenance. The audiologist prescribed new hearing aids for both ears. Hearing aids commonly last between 5-7 years; Mr. Handwork's were approximately double this age.

9. Prison officials refused to replace both of Mr. Handwork's hearing aids, and would only replace one. This refusal was pursuant to ODRC's "established protocol," which is "to ensure one working hearing aid." *See* Exhibit A, email from ODRC attorney Trevor Clark, January 20, 2016; Exhibit B, Disposition of Grievance, January 11, 2016: "The established protocol of ODRC health services is that hearing aid replacement is to ensure that the inmate is able to hear, at a minimum, from one ear;" and Exhibit C, Decision of the Chief Inspector on a Grievance Appeal: "…the process (has) not changed and only one hearing aid is replaced for patients wearing two."

10. Mr. Handwork is a qualified individual with a disability, within the meaning of the ADA and Section 504. Without provision of two functioning hearing aids, he is unable to participate in Prison programs and activities for which he is eligible. Without the ability to hear from both ears, Mr. Handwork feels like he is "living in a Mason Jar" or in a "tunnel with echoes." Having only one functioning hearing aid in causes him to experience vertigo, so he cannot walk in a straight line. He cannot identify the direction a sound is coming from; communicate effectively with other prisoners or prison staff; respond to the orders of corrections officers; hear warnings or fire alarms; participate in prison programs that require hearing; or take advantage of equipment

available to other prisoners such as television. Mr. Handwork is denied the opportunity to experience prison life fully – or safely.

11. Mr. Handwork is serving a potential life sentence. Though incarcerated since 2002 he has not had a single write-up since 2006, when he was reprimanded for the slight infraction of possessing two, rather than only one, pair of prison-allowed beard trimmers. He has never before initiated litigation against the prison. He now fears he will have to spend many years unable to hear adequately while suffering destabilizing vertigo.

## VI. EXHAUSTION OF REMEDIES

12. Mr. Handwork has pursued and exhausted ODRC's 3-step grievance procedure. He filed an Informal Complaint on December 20, 2015, which was denied on the basis that "per policy 68-MED14, it was determined by CCA medical director and ODRC medical director that only 1 hearing aid would be approved." (Exhibit D). Mr. Handwork appealed on January 11, 2016, and his appeal was denied because "The established protocol of ODRC health services is that hearing aid replacement is to ensure that the inmate is able to hear, at a minimum, from one ear." (Exhibit B). Finally, he appealed to the Chief Inspector who confirmed that the "process" was that "only one hearing aid is replaced for patients wearing two." (Exhibit C).

13. At the time of filing, Prison officials have not replaced either of Mr. Handwork's hearing aids. One of his hearing aids is completely broken, and the other is barely functional, frequently cutting out and emitting disruptive static, and deemed by the audiologist to be unserviceable and completely beyond repair.

## VII. DEFENDANTS' PRACTICE AND STATEWIDE POLICY OF DENYING MEDICAL CARE TO HARD OF HEARING PRISONERS

14. In email correspondence between counsel for Mr. Handwork and counsel for ODRC, ODRC confirmed its statewide policy of denying two hearing aids to prisoners who need them, affirming that ODRC's "established protocol" is "to ensure one working hearing aid." (Exhibit A).

4

15. In further correspondence with ODRC, ODRC counsel said Mr. Handwork's "issue was reviewed from a general policy standpoint for ODRC facilities." (Exhibit E).

16. On information and belief, ODRC is administering this policy at all state prisons in Ohio.

17. Defendants' failure to provide Mr. Handwork with two medically necessary heading aids constitutes a violation of the Eighth Amendment of the United States Constitution which forbids cruel and unusual punishment, and a violation of the ADA and Section 504 of the Rehabilitation Act, which prohibit public entities from denying "a qualified individual with a disability…the benefits of the services, programs, or activities of the public entity" because of that person's disability. 42 U.S.C. §12132.

18. For the defendants to maintain and act pursuant to a statewide policy which provides all state prisoners only one hearing aid when two are medically necessary is also a violation of the Eighth Amendment, the ADA, and the Rehabilitation Act, which each demand that prisoners receive individualized medical care and accommodations.

19. Mr. Handwork challenges the defendants' denial of hearing aids to him, and he also challenges the defendants' unlawful statewide policy.

**CLAIMS FOR RELIEF**

**COUNT I – AMERICANS WITH DISABILITIES ACT**

20. Plaintiff hereby reaffirms and realleges every allegation made in ¶¶ 1-19 above as if fully set forth here.

21. This count is brought under Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. §2101 *et seq.* and 42 U.S.C. §12131 *et seq.* and its implementing regulations.

22. Defendant ODRC is a public entity within the meaning of the ADA.

23. Mr. Handwork is a qualified individual with a disability.

5

24. By refusing to replace both of his hearing aids even though he has binaural hearing loss, the defendants are excluding Mr. Handwork from participating in and benefiting from the prison services, programs, and activities available to other prisoners, and are discriminating against him on the basis of his disability.

25. The defendants have a statewide policy and practice of excluding hard of hearing people who experience hearing loss similar to that experienced by Mr. Handwork (qualified individuals with disabilities) from participation in and benefits of services, programs, and activities because of their disabilities.

26. As a result of the defendants' policy and practices, Mr. Handwork does not have equal access to prison programs and services for which he is otherwise qualified.

**COUNT II – REHABILITATION ACT**

27. Plaintiff hereby reaffirms and realleges every allegation made in ¶¶ 1-19 above as if fully set forth here.

28. This count is brought pursuant to Section 504 of the Rehabilitation Act, 29 U.S.C. §794 and its enacting regulations.

29. On information and belief, ODRC receives federal financial assistance within the meaning of the Rehabilitation Act.

30. Mr. Handwork is a qualified individual with a disability.

31. The defendants' policy and practice of discriminating against and failing to reasonably accommodate Mr. Handwork and all hard of hearing prisoners in state prisons who experience hearing loss similar to that experienced by Mr. Handwork is a violation of the Rehabilitation Act.

32. As a result of the defendants' discrimination and failure to accommodate, Mr. Handwork and all hard of hearing state prisoners who experience hearing loss similar to that experienced by Mr. Handwork are excluded from equal access to and benefits of prison services, programs, and activities for which they are otherwise qualified.

**COUNT III – EIGHTH AMENDMENT**

33. Plaintiff hereby reaffirms and realleges every allegation made in ¶¶ 1-19 above as if fully set forth here.

34. This count is brought pursuant to the Eighth Amendment to the United States Constitution which prohibits cruel and unusual punishment.

35. The defendants have been on notice of Mr. Handwork's serious diagnosed need for two hearing aids since 2003, and have been on notice of his diagnosed need for new hearing aids for many months.

36. By refusing to provide Mr. Handwork the care he needs, the defendants are deliberately indifferent to Mr. Handwork's documented medical need for two hearing aids.

37. As a result of the defendants' deliberate indifference, Mr. Handwork continues to suffer cruel and unusual punishment in violation of his Constitutional rights, including being continually exposed to a substantial risk of serious harm.

**PRAYER FOR RELIEF**

WHEREFORE, Mr. Handwork prays that the Court:

1. Issue an injunction requiring the defendants to immediately provide him with two hearing aids, and to bring their statewide prison policy into conformity with the ADA so that any deaf or hard-of-hearing prisoner is treated on an individualized basis, rather than being subject to an arbitrary and unlawful policy that relegates them to hearing from only one ear.

2. Order the defendants to pay compensatory and punitive damages to Mr. Handwork.

3. Award reasonable attorneys' fees and costs, pursuant to 42 U.S.C. §§ 1983, 794(a), and 12133; and

4. Grant all further relief that is just.

Dated this 7th day of April, 2016.

Respectfully submitted,


s/ Freda J. Levenson
Freda J. Levenson (0045916)
Trial Attorney for Plaintiffs
Elizabeth Bonham (0093733)*
ACLU of Ohio Foundation, Inc.
4506 Chester Ave.
Cleveland, OH 44103
Tel: (216) 472-2220
Fax: (216) 472-2210
flevenson@acluohio.org
ebonham@acluohio.org

Attorneys for Plaintiff

*Application for admission pending*